IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TERESA ANN WATERS, | § § | |
| V. | § § | A-17-CV-0447-RP |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, and TEXAS DEPARTMENT OF STATE HEALTH SERVICES | § § § § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Teresa Ann Waters's Writ of Mandamus (Dkt. No. 1), and Application to Proceed *In Forma Pauperis* (Dkt. No. 2). The Court **HEREBY GRANTS** Waters' Application to Proceed *In Forma Pauperis* (Dkt. No. 2). Waters' Writ of Mandamus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE.**

Waters requests the Court to issue a writ of mandamus against Steve McCraw, Director of the Department of Public Safety, and John Hellerstedt, Commissioner of the Department of State Health Services. In 2003 Waters pled guilty to aggravated sexual assault of a child, and was sentenced to ten years in state prison. (Dkt. No. 1 at 2); Texas Penal Code § 22.021(a)(2)(B). Waters was paroled in 2012 with the lifetime requirement the that she annually register as a sex offender. In 2016, Waters applied to be deregistered as a sex offender. (Dkt No. 1 at 2). Defendants subsequently denied Waters' request because her conviction did not involve consensual conduct, which is the only basis for deregistration in the instance of a conviction for aggravated sexual assault of a child. Consensual conduct requires the victim be "at least 13 years of age at the time of the offense and the perpetrator no more than 4 years older than the victim at the time of the offense." (Dkt. No. 1, Ex. B). The TDSHS denied Waters' request because, at the time of her offense, the victim was 12 and

1

Waters was 29. *Id.* Waters's request for a writ of mandamus is an appeal of this decision to a federal court, over which this Court lacks jurisdiction.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *accord, Noble v. Cain*, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing *Moye* to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Waters' Mandamus Petition.

It is therefore **ORDERED** that Waters's Petition for Writ of Mandamus (Dkt. No. 1) is dismissed without prejudice for want of jurisdiction.

**SIGNED** on May 18, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE